UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINSON L. LANGILLE, et al., | Case No. 2:19-cv-00454-KJM-AC |
| Plaintiffs, | |
| v. | ORDER |
| BERTHEL, FISHER & COMPANY FINANCIAL SERVICES, INC., | |
| Defendant. | |

Defendant Berthel, Fisher & Company Financial Services, Inc. moves to dismiss, or in the alternative, moves for summary judgment, as to plaintiffs Robinson L. Langille and Linda L. Langille's first amended complaint. Mot., ECF No. 16; First Am. Compl., ECF No. 15. Although Berthel titles its motion, "Motion to Dismiss," it clarifies in its notice of motion that it moves under "Rules 9(b), 12(b)(6), and 56" and opens its memorandum by stating it "moves to dismiss, whether on the pleadings or by summary judgment . . . ." Mot. at 2, 5. In support of its motion, Berthel provides a statement of undisputed facts and supporting evidence. ECF Nos. 5, 6, 7, 17 (evidence and undisputed facts "in support of [Berthel's] motion to dismiss/motion for summary judgment").

Plaintiffs oppose Berthel's motion, treating it solely as a motion to dismiss. Opp'n, ECF No. 22. Plaintiffs do not acknowledge, much less rebut, Berthel's statement of undisputed facts and supporting evidentiary record. *See id.* Moreover, plaintiffs rely solely on their allegations without providing any supporting evidence. *See id.*

/////

Barring circumstances not at issue here, "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

As it advised the parties at the July 12, 2019 hearing on this motion, the court is prepared to address Berthel's summary judgment arguments. Also at hearing, plaintiffs' counsel requested an opportunity to file a Rule 56(d) declaration. When asked why he had not done so earlier, despite clear notice a motion for summary judgment was pending before the court, counsel explained his co-counsel prepared the opposition and is not familiar with the court's Local Rules. Federal Rule of Civil Procedure 56 is not a local rule and the court is not inclined to reward plaintiffs' lack of diligence. Nonetheless, in the interest of acknowledging the merits, the court will allow plaintiffs to clarify the record on summary judgment by filing a Rule 56(d) declaration. Plaintiffs' filing may not exceed five pages and is due within seven days of this order. Berthel may file a response, also not to exceed five pages, seven days thereafter.

IT IS SO ORDERED.

DATED: July 15, 2019.

UNITED STATES DISTRICT JUDGE